Kimberly M. Saillant, with whom Richard E. Brody and Morrison, Mahoney & Miller, Boston, Mass., were on brief for defendants, appellants.

Wilbur A. Hyatt, with whom Carol Hajjar McGravey and Angela M. Tulley, Lawrence, Mass., were on brief for plaintiffs, appellees.

---

**Alfred D. FISICHELLI, et al., Plaintiffs, Appellees,**

v.

**The CITY KNOWN AS the TOWN OF METHUEN, et al., Defendants, Appellants.**

**No. 89–1293.**

United States Court of Appeals, First Circuit.

Heard Aug. 4, 1989.

Decided Aug. 28, 1989.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

SELYA, Circuit Judge.

It is true, in federal appellate practice as in nature, that "[t]o every thing there is a season, and a time to every purpose...." *Ecclesiastes* 3:1. Because this appeal comes before us out of season and time, we refuse to entertain it.

### I

We take from the district court docket a chronology of critical events, omitting mention of numerous matters not vital to an understanding of the current problem.

1. October 1, 1985. Plaintiffs Alfred D. Fisichelli and Salvatore I. Ambra, trustees

---

**3.** The bankruptcy court's determination on this point was, we note, explicitly affirmed by the district court.

of Am–Fis Realty Trust, filed a complaint seeking money damages against a raft of defendants, including the Town of Methuen, the Methuen Industrial Finance Authority (a municipal agency), and several present and/or former municipal officials. Plaintiffs asserted claims under 42 U.S.C. § 1983 and under federal and state antitrust statutes, 15 U.S.C. §§ 1, 2; Mass. Gen.L. ch. 93, §§ 4, 5.

2. December 13, 1985. Defendants answered the complaint, alleging fourteen affirmative defenses. Arguably, their "fifth defense" put qualified immunity in issue.

3. February 27, 1986. Defendants moved for dismissal, contending that the complaint failed to state actionable claims. Fed.R.Civ.P. 12(b)(6).

4. February 23, 1987. The district court (Wolf, D.J.) dismissed the section 1983 claims, *Fisichelli v. Methuen*, 653 F.Supp. 1494, 1497–99 (D.Mass.1987), but allowed the federal and state antitrust counts to stand, *id.* at 1499–1502. As to these counts, the judge considered and rejected the suggestion that qualified immunity barred an award of money damages. *Id.* at 1503–04. Defendants essayed no appeal.[1]

5. March 22, 1988. Following Judge Harrington's appointment to the federal bench, the case was transferred to his calendar.

6. November 18, 1988. Defendants moved "for reconsideration of Judge Wolf's February 23, 1987, partial denial of their motion to dismiss the plaintiffs' complaint," asserting that the antitrust counts "should be dismissed because the defendants are entitled to qualified immunity."

7. January 30, 1989. Judge Harrington denied the motion to reconsider without opinion.

8. February 23, 1989. Defendants filed their first (and only) notice of appeal, purporting to appeal "from the Order ... denying the Motion ... for Reconsideration...."

## II

Ordinarily, only the district court's "final decisions" are immediately appealable to this court. 28 U.S.C. § 1291 (1982). In the absence of finality, orders cannot be appealed when entered "unless appellate jurisdiction attaches in some other fashion." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1003 (1st Cir.1988). The collateral-order exception to the finality rule furnishes one such route. It is by now well established that the denial of a substantial claim to qualified immunity can be immediately appealed under that exception. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985); *Vazquez Rios v. Hernandez Colon*, 819 F.2d 319, 320 (1st Cir.1987). But such an appeal must be timely, that is, taken "within 30 days after the date of entry of the ... order appealed from...." Fed.R.App.P. 4(a)(1). In this case, appellants did not file a timely appeal from the district court's order of February 23, 1987.

An order declining reconsideration of the qualified immunity question—unlike an order rejecting the defense—has never been thought immediately appealable. We have so held, squarely and recently, *see Domegan v. Fair*, 859 F.2d 1059, 1062 (1st Cir.1988) (order declining reconsideration of *Mitchell*-type motion lies "outside the scope of interlocutory review"), and reaffirm that holding today. Accordingly, the present interlocutory appeal—which brings up only the order denying reconsideration, *see supra* No. 8—has no visible means of jurisdictional support.

We need not belabor the obvious. A motion to rehear does not bring the underlying merits of the original, already-decided motion before the nisi prius court. *Cf.*

---

1. On April 3, 1987, defendants unsuccessfully sought to have the district court certify the underlying questions pursuant to 28 U.S.C. § 1292(b). No appeal was taken from the court's refusal to grant a section 1292(b) certificate. The filing of the motion is puzzling, inasmuch as defendants had an absolute right to appeal forthwith on qualified immunity grounds without leave of court. *See Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985); *Vazquez Rios v. Hernandez Colon*, 819 F.2d 319, 320 (1st Cir. 1987).

*Rodriguez–Antuna v. Chase Manhattan Bank Corp.,* 871 F.2d 1, 2 (1st Cir.1989). By the same token, appealing from the denial of a motion to rehear "does not automatically produce a Lazarus-like effect," *id.;* such an appeal cannot resurrect a party's expired right to contest the appropriateness of the order underlying the motion to rehear. Thus, the issue before us— and before the district court on the November 1988 motion—was not qualified immunity, but whether or not reconsideration should be undertaken. *Mitchell* does not apply.

As a practical matter, this holding is virtually essential to orderly judicial management of the vexing procedural problems which have trailed in *Mitchell*'s roiled wake. If we were forced to entertain appeals such as this whenever a defendant had unsuccessfully sought reconsideration, the district court's trial calendar would be bemired; Rule 4(a)(1) would be stripped of all meaning; the uncertain business of qualified immunity would be made measurably more problematic; and a dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will.[2] We do not think that the *Mitchell* Court meant to promote multifariousness on so grand a scale. *Cf. Kaiter v. Town of Boxford,* 836 F.2d 704, 708 (1st Cir.1988) (a defendant who claims immunity has a right to only a single interlocutory appeal).

### III

We need go no further. It is all too clear that defendants are seeking to accomplish by indirection what their own inaction now prevents them from doing directly: contesting, before trial, the appropriateness of

the district court's earlier denial of their motion to dismiss. *See supra* No. 4. We cannot allow such an end run to prevail, for we are without jurisdiction to hear an interlocutory appeal from the denial of a motion to reconsider.[3] Accordingly, we dismiss the appeal; and, because prosecution of it was clearly beyond the well-defined borders of our jurisdiction, we honor appellees' request and award double costs and a token counsel fee of $1000 to them, to be taxed against appellants and appellants' counsel, jointly and severally. *See* Fed.R.App.P. 38; 28 U.S.C. § 1927 (1982).

*The appeal is dismissed without prejudice for want of appellate jurisdiction. Double costs, together with attorneys' fees in the amount of $1000, are to be taxed in favor of appellees.*

---

**2.** We note in passing that defendants had—but eschewed—a further opportunity to test the qualified immunity waters. In late 1987, they filed a motion for summary judgment, but elected not to proffer qualified immunity as a ground in support of it. Judge Harrington denied the motion on May 25, 1988. Had a qualified immunity defense been asserted as part of the Rule 56 motion, and overruled by the district court, an immediate appeal could have been prosecuted. *See Mitchell,* 472 U.S. at 527, 105 S.Ct. at 2816 (appealable interlocutory decision results when "defendant's motion for dismissal *or* summary judgment on the ground of

qualified immunity" is rejected) (emphasis supplied).

**3.** Defendants, of course, retain the right to challenge the district court's refusal to dismiss the damage claims on qualified immunity grounds, and any later rulings of a similar bent, in an end-of-case appeal from final judgment. *See Kaiter,* 836 F.2d at 708 n. 3; *cf. Vazquez Rios,* 819 F.2d at 329 (even if qualified immunity claim is rejected at summary judgment stage, defendants remain free to assert the defense at trial).