960 F.2d 763
 22 Fed.R.Serv.3d 337
 John TAYLOR, Appellee,
v.
Mary Louise CARTER; Pauline Catmet; Ronald McGee; Lola
Tate; Louise Hall; Solomon Thurman; John Wolff;
Clayborne King; Darlene Crawley; Jerry Simpson, all in
individual and official capacity, Appellants.
 No. 91-3052.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 9, 1992.
Decided April 6, 1992.
 
 1
 Frank Susman, St. Louis, Mo., argued (Randall B. Kahn, on brief), for appellants.
 
 
 2
 Gregory C. Fenlon, St. Louis, Mo., argued (Gerald M. Dunne, on brief), for appellee.
 
 
 3
 Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,* District Judge.
 
 
 4
 HENRY WOODS, District Judge.
 
 
 5
 Officials of the City of Pagedale, Missouri, appeal the district court's[1] denial of their motion to dismiss on the ground of qualified immunity. The appellee contends that the appeal was not timely filed because the appellants failed to appeal the district court's earlier denial of two virtually identical motions. We find that the appeal was not timely taken and, therefore, do not reach the merits of the appellants' qualified immunity defense.
 
 
 6
 In June, 1989, the defendant city officials filed their first motion to dismiss claims against them in their individual capacities on the ground of qualified good-faith immunity. The motion was denied by the district court in January 1990; no appeal was taken. On June 19, 1990, the defendants moved for summary judgment on the basis of qualified good-faith immunity. That motion was denied January 11, 1991; no appeal was taken.
 
 
 7
 April 22, 1991, the individual defendants again moved the district court to dismiss the claims against them on the basis of qualified immunity. The district court, for the third time, rejected the good-faith immunity defense on July, 25, 1991. The individual defendants filed a notice of appeal on July 30, 1991, within thirty days of the third denial.
 
 
 8
 A district court's denial of a motion to dismiss a claim on the basis of qualified good-faith immunity is a final appealable decision within the meaning of 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). As such, the denial is subject to the thirty-day time limit for appeal. Fed.R.App.P. 4(a). The question before the Court is whether a defendant can repeatedly file the same motion with a district court thereby starting a new clock running for purposes of appeal. We agree with the Court of Appeals for the Sixth Circuit when faced with this question:
 
 
 9
 [T]he appealability of orders denying absolute and qualified immunity is governed by the same temporal limitations and subject to the same rules as other appeals, whether interlocutory or final. If [defendants' earlier] motion did in fact raise the question of absolute or qualified immunity, the parties had thirty days after the order denying it in which to file a notice of appeal. Having failed in this we conclude that they lost that right, and any later effort to appeal would not be timely.
 
 
 10
 Kennedy v. City of Cleveland, 797 F.2d 297, 304 (6th Cir.1986).
 
 
 11
 The district court found that the appellants, in their third run at qualified immunity, had merely reasserted arguments raised unsuccessfully in previous motions. The appellants do not contest that finding. The Court of Appeals for the First Circuit succinctly set out the problems with permitting defendants to "produce a Lazarus-like effect" by resurrecting an expired right to appeal an adverse ruling.
 
 
 12
 If we were forced to entertain appeals such as this whenever a defendant had unsuccessfully sought reconsideration, the district court's trial calendar would be bemired; Rule 4(a)(1) would be stripped of all meaning; the uncertain business of qualified immunity would be made measurably more problematic; and a dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will.
 
 
 13
 Fisichelli v. City Known as Town of Methuen, 884 F.2d 17, 19 (1st Cir.1989).
 
 
 14
 Accordingly, we dismiss this appeal without prejudice to the appellants' right to appeal the qualified immunity issue if they are found liable after trial on the merits.
 
 
 
 *
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri