United States Court of Appeals,

Fifth Circuit.

No. 93-2912

Summary Calendar.

Mary PHILLIPS, etc., et al., Plaintiffs-Appellees,

v.

MONTGOMERY COUNTY, etc., et al., Defendants,

Montgomery County, Texas, Montgomery County Sheriff's Department, Joe Corley, Wayne Eason, Troy Brown, Gary Ennis, Charlie Morton, Richard Bagley, J.C. Myrick, Calvin Little and Joe Little, Defendants-Appellants.

July 1, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

I.

On March 31, 1993, the plaintiffs filed their fifth amended complaint alleging federal civil rights and state law violations. They sued Montgomery County, Texas, the sheriff's department, nine sheriff's department officers, and one prisoner.

On April 14, 1993, the county defendants filed a motion to dismiss the fifth amended complaint or, alternatively, for summary judgment, claiming, among other things, qualified immunity. On August 16, the district court denied the motion, but dismissed punitive damages claims against the county and dismissed one plaintiff on standing grounds.

On August 20, the county defendants moved to dismiss the fifth

amended complaint for lack of jurisdiction on the ground that all necessary parties had not been joined. The plaintiffs moved for joinder of parties. On September 10, the district court denied the motion to dismiss and granted the joinder motion.

On September 16, the plaintiffs filed their sixth amended complaint. It was identical to the fifth amended complaint except that one plaintiff had been eliminated and two new ones had been added. On November 16, the county defendants filed a motion to dismiss the sixth amended complaint or, alternatively, for summary judgment.

On December 2, the district court compared the November 16 motion with the April 14 motion and stated, "The same grounds are asserted again, and are DENIED.... Because defendants have not provided any new grounds to dismiss or for summary judgment, this court DENIES the motion."

On December 6, the county defendants noticed an appeal from the December 2 order denying their motion to dismiss. On December 8, they moved to stay the district court proceedings pending appeal. The district court stated that the notice of appeal was not timely, but granted the motion to stay.

## II.

A government official may immediately appeal a trial court's rejection of an immunity defense contained in a motion for summary judgment. *Nicoletti v. City of Waco,* 947 F.2d 190, 191 (5th Cir.1991) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The appeal must be noticed within 30

2

days.  Fed.R.App.P. 4(a)(1).  The first issue we must consider on appeal is whether the county defendants filed a timely notice of appeal.

The First Circuit has held that defendants may not fail to appeal an order denying them immunity and then restart the 30-day clock by moving for reconsideration.  *Fisichelli v. City Known as the Town of Methuen,* 884 F.2d 17, 19 (1st Cir.1989).  Relying on *Fisichelli,* the Eighth Circuit has held that defendants may not fail to appeal an order denying them immunity and then restart the 30-day clock by refiling the same motion.  *Taylor v. Carter,* 960 F.2d 763, 764 (8th Cir.1992).  The First Circuit explained that if the rule were otherwise, "a dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will."  *Fisichelli,* 884 F.2d at 19.

In a case involving two defense motions to reconsider an order granting injunctive relief, we have held that "a second motion to reconsider does not interrupt the thirty-day period to appeal a judgment where the second motion raises substantially the same grounds as urged in the earlier motion."  *Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir.1992).  Although this principle has not been applied to a motion to dismiss or for summary judgment based on qualified immunity, we hold that the defendants in this case cannot fail to appeal and then restart the appellate clock by refiling substantially the same motion.

APPEAL DISMISSED.

3