28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dewayne JOHNSON, Plaintiff-Appellee,
v.
Matthew JOCHUMS, Defendant-Appellant.
 No. 93-3678.
 United States Court of Appeals, Seventh Circuit.
 Argued April 8, 1994.
Decided July 11, 1994.
 
 1
 Before CUMMINGS and RIPPLE, Circuit Judges, and TINDER, District Judge.*
 
 ORDER
 
 2
 Dewayne Johnson brought this action under 42 U.S.C. Sec. 1983 against Officer Matthew Jochums and fellow Peoria police officers. He alleged that the officers had arrested him without probable cause in violation of the Fourth Amendment as it is made applicable to the states by the Fourteenth Amendment. For the reasons that follow, we dismiss the appeal for want of jurisdiction.
 
 
 3
 * BACKGROUND
 
 A. Facts
 
 4
 During the evening of November 11, 1993, Matthew Jochums, a Peoria, Illinois police officer was dispatched to 1304 West First Street, the source of a burglary alarm. As Officer Jochums approached the location of the alarm, he saw a black male, approximately six feet tall and of medium build, coming from the porch of a house which appeared dark and unoccupied. The man was later identified as Dewayne Johnson. Officer Jochums believed that the house from which he saw Mr. Jochums emerge was the house from which the burglary alarm had come. He parked his patrol car and approached the man leaving the porch.
 
 
 5
 At this point, the parties disagree on the facts in some respects. We shall set forth each version. Officer Jochums stated that he asked Mr. Johnson to identify himself and inquired whether Mr. Johnson lived in the house he was leaving. Mr. Johnson responded that he did not have identification, that he did not live at the house, and that he had been visiting a friend. Officer Jochums decided to detain Mr. Johnson temporarily so that he could investigate further. Because there was no other officer present, Officer Jochums placed Mr. Johnson in handcuffs and performed a "pat down." Officer Steven Garner[1] then arrived. Officer Garner stayed with Mr. Johnson while Officer Jochums went to the house to investigate. Officer Garner performed another "pat down," because he did not know whether Officer Jochums already had done so. He also placed Mr. Johnson in the back seat of the squad car. These actions occurred, according to the officers, without incident.
 
 
 6
 Mr. Johnson provides a somewhat different account of these events. He testified that he was grabbed off the porch, placed in handcuffs, forced against the squad car, frisked, and put into the car without being asked his name. Mr. Johnson stated that he already was in the back seat of the squad car when Officer Garner arrived.
 
 
 7
 Officer Jochums went to the door of the house from which he had seen Mr. Johnson exit. The door was answered by an older gentleman who told Officer Jochums that Mr. Johnson had been lawfully at his residence. After checking with the dispatcher, Officer Jochums realized that he was not at 1304 West First Street, the source of the alarm, but at 1308 West First Street.
 
 
 8
 The parties also disagree on what transpired after Officer Jochums realized his mistake. Both officers testified that Officer Jochums, rather than Officer Garner, released Mr. Johnson from the squad car. Officer Jochums stated that Mr. Johnson got out of the back seat without assistance and that Officer Jochums then removed the handcuffs. Mr. Johnson related that after realizing the mistake, Officer Garner grabbed him from the squad car by the handcuffs, turned him so that his wrists twisted inside the cuffs, and caused him injury. Mr. Johnson also testified that he told Officer Garner his hands were hurting. Both officers, however, testified that Mr. Johnson never complained to them about any injury or discomfort from the handcuffs.
 
 B. District Court Proceedings
 
 9
 Mr. Johnson brought a two-count complaint pursuant to 42 U.S.C. Sec. 1983. In his complaint, Mr. Johnson alleged in Count 1 that Officer Jochums had arrested him without probable cause in violation of the Fourth Amendment. In Count 2, Mr. Johnson alleged that Officer Garner had used excessive force in arresting him. The officers moved for summary judgment. In their memorandum in support of summary judgment, the officers explicitly asserted as a ground for summary judgment that the officers enjoyed qualified immunity from suit. R. 22 at 3.
 
 
 10
 By order of September 23, 1993, the district court denied the officers' motion for summary judgment and held that Officer Jochums was not entitled to qualified immunity on Count 1. The court stated that the issue was whether, under the circumstances known to Officer Jochums at the time, he reasonably believed that he had probable cause to arrest Mr. Johnson. It reasoned that Officer Jochums clearly had reasonable suspicion to detain Mr. Johnson temporarily for an investigation. "[Officer] Jochums had an articulable reason to stop anyone who appeared suspicious near the area of the alarm for questioning." R. 27 at 7. However, continued the court, Officer Jochums not only stopped Mr. Johnson, but arrested him. The district court rested its conclusion on the fact that Mr. Johnson was not only handcuffed, but also placed in the squad car. Id. at 8. The district court also found that there were no exigent circumstances present that justified the use of handcuffs because both "pat downs" had failed to produce the presence of a weapon, and because there never was an attempt by Mr. Johnson to flee. Id. Thus, because Officer Jochums arrested Mr. Johnson, and because no rational jury could find that Officer Jochums had probable cause to arrest Mr. Johnson, summary judgment on the basis of qualified immunity was denied.
 
 
 11
 With regard to Count 2, the district court held that summary judgment on that count also must be denied. It stated that genuine issues of material fact existed regarding Officer Garner's use of force against Mr. Johnson. This count is not before us on this appeal.
 
 
 12
 At the conclusion of its order denying Officer Jochums the defense of qualified immunity, the district court, noting that it tentatively was of the view that Mr. Johnson ought to prevail at summary judgment, instructed both parties to file briefs addressing whether Mr. Johnson was entitled to summary judgment on the issue of liability. After the order was entered, Officer Jochums did not file a notice of appeal from the order of the court denying him the defense of qualified immunity. Instead, both parties filed, as the district court had ordered, additional briefs on the issue of whether summary judgment for Mr. Johnson was warranted. Officer Jochums, in his brief, requested that the court reconsider its earlier ruling with respect to the denial of qualified immunity. This brief was filed by Officer Jochums on October 7, 1993. Mr. Johnson's brief was filed on October 15, 1993.
 
 
 13
 On October 22, 1993, the district court issued a second memorandum order. In that document, the district court stated that the proper inquiry was whether "the officer's conduct was more intrusive than necessary to effectuate an investigative detention authorized by the Terry line of cases." R. 30 at 3. The district court once again found that absent from the event in question were any circumstances warranting the use of handcuffs. "[I]n this case, the use of handcuffs, alone, even for a limited period of time, not only would convince a reasonable person that he or she were not free to leave but also was conduct outside the permissible scope of an investigatory stop." Id. at 4. Consequently, in the district court's view, summary judgment for Mr. Johnson on Count 1 was appropriate. The matter of damages was referred to a magistrate-judge for the preparation of a final pretrial order. Id. at 6.
 
 
 14
 On November 1, 1993, Officer Jochums filed a notice of appeal in which he stated that he was taking an appeal from the district court's orders of September 23 and October 22, 1993, which he characterized as denying him summary judgment on the ground of qualified immunity. R. 31.
 
 II
 DISCUSSION
 
 15
 At oral argument, the court inquired of counsel whether the court had jurisdiction over this appeal. Upon examination of the record, we must conclude that, in its present procedural posture, appellate jurisdiction is lacking.
 
 
 16
 As a general rule, this court has jurisdiction over final decisions of the district courts. See 28 U.S.C. Sec. 1291. However, the Supreme Court has ruled that a decision of a district court denying an officer the protection of qualified immunity is immediately appealable despite the absence of a final judgment. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The Court held that, because the "entitlement is an immunity from suit rather than a mere defense to liability; ... it is effectively lost if a case is erroneously permitted to go to trial." Id. at 512. An appeal from an order denying the defendant qualified immunity must be taken within thirty days of the entry of the order. Fed.R.App.P. 4(a)(1). The docket of the district court shows that the district court's order denying summary judgment to Officer Jochums on the ground of qualified immunity was entered on September 23, 1993. No notice of appeal was filed within thirty days of the entry of that order. Officer Jochums' perfunctory request in his brief that the district court reconsider the denial of his qualified immunity defense does not toll the time for the filing of such a notice of appeal.[2] Accordingly, we must conclude that this appeal was not taken in timely fashion and that, consequently, this court is without jurisdiction to adjudicate the matter at this time.
 
 
 17
 Our dismissal of this appeal does not deny Officer Jochums all opportunity to obtain a final adjudication of this matter from this court. Although he did not avail himself in timely fashion of the special opportunity to take an appeal on the issue of qualified immunity before the remainder of the proceedings in the district court, he may still raise the issue in any appeal he may elect to take when the district court enters, in conformity with Sec. 1291, a final decision. See Kurowski v. Krajewski, 848 F.2d 767, 773 (7th Cir.) (holding that a "public official may raise questions of immunity on appeal from a final judgment, even though he bypassed an opportunity to take an interlocutory appeal"), cert. denied, 488 U.S. 926 (1988); see also Weir v. Propst, 915 F.2d 283, 286 (7th Cir.1990) (same).
 
 
 18
 Accordingly, the appeal is dismissed for want of appellate jurisdiction.
 
 
 19
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable John D. Tinder, of the United States District Court for the Southern District of Indiana, is sitting by designation
 
 
 [1]
 Officer Garner also was a defendant in the district court, but is not a party to this appeal
 
 
 [2]
 Even if we were to construe this request as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), which would toll the appeals period, this motion was filed outside the ten-day limitation period of Rule 59. See Kennedy v. City of Cleveland, 797 F.2d 297, 304-05 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987). There is absolutely no indication in the record that the district court treated these motions as requests for relief under Rule 60. In any event, "[a]n order declining reconsideration of the qualified immunity question--unlike an order rejecting the defense--has never been thought immediately appealable." Fisichelli v. City Known as Town of Methuen, 884 F.2d 17, 18 (1st Cir.1989)