United States Court of Appeals,

Fifth Circuit.

No. 93-9095

Summary Calendar.

Louie ARMSTRONG, Plaintiff-Appellee,

v.

TEXAS STATE BOARD OF BARBER EXAMINERS, et al., Defendants,

William E. Maddox, et al., Defendants-Appellants.

Sept. 6, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, SMITH, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This action was filed in 1989 by Louie Armstrong alleging various causes of action relating to the termination of his employment with the Texas State Board of Barber Examiners. In lieu of an answer, the defendants filed a motion to dismiss based, *inter alia,* on qualified immunity. The motion was granted in part but was denied as to the defense of qualified immunity. According to the district court docket sheet, there was no activity in the case until 1992 when the parties announced that the case had settled and it was dismissed. Several months later, however, Armstrong, asserting that the settlement had collapsed, moved to reopen the case and to amend his complaint. Thereafter, the parties entered a scheduling order, and Armstrong moved to compel the defendants to respond to his discovery requests. The defendants then filed a motion for summary judgment based on qualified immunity and a

1

motion to stay discovery.  The district court again denied the claim of qualified immunity and the defendants filed their notice of appeal.

In *Phillips v. Montgomery County,* 24 F.3d 736 (5th Cir.1994), we held that defendants cannot fail to appeal the denial of qualified immunity and then "restart the appellate clock by refiling substantially the same motion."  Here, it is clear that the defendants' motion to dismiss and the motion for summary judgment raise the same defense, that is, that they are entitled to qualified immunity because the plaintiff has not asserted the deprivation of a constitutional right.  Further, neither motion relies on material outside the pleadings;  nor were any new pleadings filed after the first motion to dismiss.

In the end, the two motions are only distinguishable because they are brought under different rules and are guided by different standards of review.[1]  These asserted differences are, however, illusory.  The motion to dismiss, brought before any discovery was conducted in the case, is primarily a vehicle to test the sufficiency of the pleadings as to qualified immunity. *See Jackson v. City of Beaumont,* 958 F.2d 616, 168 (5th Cir.1992).  That motion was denied.  The second motion, although styled a motion for summary judgment was simply another motion addressing the pleadings, as evidenced by the defendants' motion to stay discovery.  Under these unique circumstances, the two motions are

---

[1]This is the only difference identified by the defendants in the supplemental brief requested by the court to address the implications of *Phillips v. Montgomery County.*

substantially the same.  Accordingly, this appeal is untimely and is therefore

DISMISSED.