# United States Court of Appeals
## For the First Circuit

No. 14-1106

DOUGLAS J. LUCKERMAN,

Plaintiff, Appellee,

v.

NARRAGANSETT INDIAN TRIBE,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Kayatta and Barron, Circuit Judges.

---

John F. Killoy, Jr., with whom Law Office of John F. Killoy, Jr., LLC, was on brief, for appellant.
Anthony F. Muri, with whom Muri Associates LLC, Albert L. Farrah, Jr., and Farrah & Farrah were on brief, for appellee.

---

May 29, 2015

---

**KAYATTA**, **Circuit Judge**.  The Narragansett Indian Tribe ("the Tribe") moved in the district court to dismiss this breach of contract lawsuit against it on the grounds of sovereign immunity.  After denying that motion, the district court also denied a subsequent and belated motion under Federal Rule of Civil Procedure 59(e) to reconsider that denial.  The Tribe now seeks interlocutory review of the order denying its motion to reconsider.  For the following reasons, we find that we have no jurisdiction to entertain such an appeal.

## I.  Background

Attorney Douglas J. Luckerman seeks an award of $1.1 million in legal fees that he claims the Tribe owes him for his services.  His complaint alleges that the Tribe contractually waived the sovereign immunity that would otherwise have prevented him from bringing this suit outside the tribal courts.  The Tribe moved to dismiss the case on sovereign immunity grounds, making various arguments for why its apparent waiver was invalid.  We will call that motion the "Motion to Dismiss" to distinguish it from the later motion for reconsideration, which we will call the "Rule 59(e) Motion."  On August 30, 2013, the district court entered on the docket an order denying the Motion to Dismiss.

The order denying the Motion to Dismiss was plainly not a final decision, as it did not end the litigation in the district court. Catlin v. United States, 324 U.S. 229, 233 (1945). Accordingly, traditional appellate review under 28 U.S.C. § 1291 was unavailable. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949). Under the collateral order doctrine announced in Cohen, id. at 546, however, the Tribe might nevertheless have been able to appeal the denial of this particular Motion to Dismiss, which rejected a defense based on tribal immunity from suit. See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173, 1177 & n.1 (10th Cir. 2010) (holding that the denial of a motion to dismiss involving a claim of tribal sovereign immunity is an appealable collateral order).

The Tribe, though, did not appeal the denial of the Motion to Dismiss, at least not effectively. Federal Rule of Appellate Procedure 4(a)(1)(A) establishes the general rule that a party must appeal a judgment or order "within 30 days after entry of the judgment or order appealed from." The Tribe filed no appeal within those thirty days. Nor did it extend the thirty-day limit by filing, within twenty-eight days of the district court's order, a motion to alter or amend the judgment under Federal Rule of Civil

- 3 -

Procedure 59(e). See Fed. R. App. P. 4(a)(4)(A)(iv) (providing that a timely Rule 59(e) motion tolls the time for appeal). Instead, thirty-one days after entry of the order denying the Motion to Dismiss, the Tribe filed its plainly untimely Rule 59(e) Motion, which, despite its untimeliness, the district court considered and denied on January 7, 2014. Ten days later, the Tribe then filed a notice purporting to appeal from both the August 30 denial of the Motion to Dismiss and the January 7 denial of the untimely Rule 59(e) Motion.

Surveying the foregoing, a prior duty panel of this court cleared the underbrush by dismissing as untimely any appeal from the denial of the Motion to Dismiss. Luckerman v. Narragansett Indian Tribe, No. 14-1106, Order at 1 (1st Cir. Aug. 29, 2014). That decision obviates the need to decide whether we would have had jurisdiction over an interlocutory appeal from the Motion to Dismiss. We do need to decide, though, whether we have appellate jurisdiction under the collateral order doctrine to review the only order before us: the denial of the untimely Rule 59(e) Motion. For the reasons described below, we conclude that the denial of the Tribe's untimely Rule 59(e) Motion does not qualify as a collateral order that we may review prior to the end of the litigation in the district court.

- 4 -

## II.  Analysis

In an analogous context, this court has held that denial of a Rule 59(e) motion for reconsideration was not an immediately appealable collateral order, even though the denial of the original motion--a cross-motion to dismiss on qualified immunity grounds-- might have qualified for immediate review.  Fisichelli v. City Known as Town of Methuen, 884 F.2d 17, 18-19 (1st Cir. 1989); see also Lora v. O'Heaney, 602 F.3d 106, 110 (2d Cir. 2010).  We reach the same conclusion here, and explain our reasoning as follows.

This circuit uses a four-part test for determining whether an order is sufficiently collateral to be directly appealed prior to entry of a final order ending the district court litigation.  Under this test, the order must involve:

> (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.

United States v. Sorren, 605 F.2d 1211, 1213 (1st Cir. 1979); see also Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 496 (1st Cir. 2003).

- 5 -

The last of these criteria poses a hurdle too high for the Tribe because its appeal of the Rule 59(e) Motion does not encompass review of the merits of the underlying Motion to Dismiss on sovereign immunity grounds. See Fisichelli, 884 F.2d at 19 ("[A]ppealing from the denial of a motion to rehear . . . cannot resurrect a party's expired right to contest the appropriateness of the order underlying the motion to rehear."). True, there are some circumstances in which review of a ruling on a timely motion for reconsideration may be considered to encompass the issues raised in the original motion. See McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 213-14 (1st Cir. 2012). Extending that latitude to encompass an untimely motion to reconsider, however, would defeat the principle of finality in Federal Rule of Appellate Procedure 4 by allowing a party to file at any time a motion for reconsideration rehashing its original argument and then, when that motion is denied, make whatever appeal it had previously foregone. See Fisichelli, 884 F.2d at 19 (noting that allowing a motion to reconsider to revive an expired right to appeal would mean "a dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will").

Thus, if we were to entertain this appeal, we would be deciding only whether the district court abused its discretion in

denying the untimely Rule 59(e) Motion.  See Global NAPS, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007) (explaining that denials of motions for reconsideration are reviewed for abuse of discretion).  An appeal that directly challenges only the trial court's exercise of discretion in denying a Rule 59(e) motion, rather than the original ruling of law, usually concerns "merely a question of the proper exercise of the court's discretion," rather than "an important and unsettled question of controlling law," and thus usually fails to pass the fourth part of Sorren's collateral order test.[1]  Sorren, 605 F.2d at 1213; cf. Johnson v. Jones, 515 U.S. 304, 313-20 (1995) (holding that the denial of a defendant's motion for summary judgment based on a qualified immunity defense is an immediately appealable collateral order only if the denial was based on a ruling of law and not a determination of contested fact).  That the Rule 59(e) Motion itself was untimely, and thus a possible "nullity," see Morris v. Unum Life Ins. Co. of America, 430 F.3d 500, 502 (1st Cir. 2005),

---

[1] That being said, we do not answer the question of whether we would have interlocutory jurisdiction over the denial of a request, under Federal Rule of Civil Procedure 56 or 60, to revisit the immunity defense when a new fact that speaks to that defense arises after an initial motion to dismiss has been denied and the deadline for appeal or filing a reconsideration motion has passed. One example that comes to mind is a motion based on a new revelation that a waiver that initially appeared to be properly authorized pursuant to express tribal procedures was actually forged.

- 7 -

further supports the conclusion that this appeal presents an issue too far removed from controlling questions of law, and too focused on questions of discretion, to qualify under the collateral order doctrine.[2]

### III. Conclusion

For the foregoing reasons, we <u>dismiss</u> this appeal for lack of jurisdiction.

---

[2] Because our decision turns on an interpretation of our collateral order jurisprudence, the result is the same whether or not the time limit for filing a Rule 59(e) motion is a jurisdictional rule or a claims-processing rule under <u>Bowles</u> v. <u>Russell</u>, 551 U.S. 205, 213-14 (2007).