**MILLE LACS BAND OF CHIPPEWA IN-DIANS, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley, Plaintiffs,**

and

**United States of America, Plaintiff–Intervenor,**

v.

**STATE OF MINNESOTA, Minnesota Department of Natural Resources, and Rod Sando, Commissioner of Natural Resources, Defendants,**

and

**John W. Thompson, Jenny Thompson, Joseph N. Karpen, LeRoy Burling, Glenn E. Thompson, and Gary M. Kiedrowski, and the Counties of Aitkin, Benton, Crow Wing, Isanti, Kanabec, Mille Lacs, Morrison, Pine, and Sherburne, Defendant–Intervenors.**

Civ. No. 4–90–605.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 13, 1994.

James M. Genia, Mille Lacs Band of Ojibwe, Onamia, MN, Marc D. Slonim, John B. Arum, Ziontz Chestnut Varnell Berley & Slonim, Seattle, WA, for plaintiffs Mille Lacs Band of Chippewa Indians, Arthur Gahbow, Walter Sutton, Carleen Benjamin, Joseph Dunkley.

James M. Johnson, Johnson Law Office, Olympia, WA, Jennifer Ann Fahey, Joint Powers Bd., Mora, MN, for intervenors County of Aitkin, County of Benton, County of Chisago, Sherburne County, Substituted for Chisago County, County of Crow Wing, County of Isanti, County of Kanabec, County of Mille Lacs, County of Morrison, County of Pine.

William Arthur Szotkowski, Stephen Bruce Masten, Jerilyn K. Aune, Sp. Asst. Atty. Gen., Michelle E. Beeman, Minn. Atty. Gen., St. Paul, MN, for defendants State of Minn., Minnesota Dept. of Natural Resources, Joseph Alexander, Com'r of Natural Resources.

Lawrence A.G. Moloney, Gregg J. Tucek, Doherty Rumble & Butler, Minneapolis, MN, for intervenor-defendant Save Lake Mille Lacs Ass'n.

Gary E. Persian, Persian MacGregor & Thompson, Minneapolis, MN, for intervenors-defendants John W. Thompson, Jenny Thompson, Joseph N. Karpen, LeRoy Burling, Glenn E. Thompson.

Stephen G. Froehle, Persian MacGregor & Thompson, Minneapolis, MN, for intervenor-defendant Gary M. Kiedrowski.

George Cardinal, Me–Da–We Grand Medicine Soc., pro se.

Zenas Baer, Wefald & Baer, Hawley, MN, for intervenors Dale Hanks, Chief Hole in the Day VII, individually, and on behalf of Mississippi Band of Chippewa Indians.

Robert Michael Small, U.S. Atty. Office, Minneapolis, MN, William A. White, Sheila A. Hackett, U.S. Dept. of Justice, Indian Resources Section, Washington, DC, for intervenor-plaintiff U.S.

## ORDER

DIANE E. MURPHY, Chief Judge.

On August 24, 1994, the court issued its Findings of Fact and Conclusions of Law after a three week trial. *Mille Lacs Band of Chippewa Indians v. State of Minnesota,* 861 F.Supp. 784 (D.Minn.1994). This trial resolved many major issues in the case; some remain for the second phase of the litigation for which case management deadlines have recently been set. Prior to trial the court had filed a number of orders, including a May 13, 1994 Memorandum Opinion and Order resolving certain motions for summary judgment, 853 F.Supp. 1118, and a September 15, 1993 order granting plaintiffs' motion to strike the request of defendant-intervenors for a jury trial. Now before the court are post-trial motions filed by defendant-intervenors. Defendant-intervenors submitted briefs in support of these motions; defendants, plaintiffs and plaintiff-intervenor re-

sponded. No party requested oral argument.

## I.

Most of the motions deal with issues that have already been argued and resolved on the basis of the record, the evidence at trial and the legal arguments presented. Defendant-intervenors, individual landowners and counties, jointly seek reconsideration and amendment of the findings of fact, conclusions of law and order.[1] In the alternative they move for a new trial. The landowners make a separate motion for reinstatement of their counterclaims against the United States, which were dismissed on summary judgment. *See* Memorandum Opinion and Order, May 13, 1994, 853 F.Supp. 1118.

The counties and landowners assert that the August 24, 1994 order should be amended to dismiss this case in its entirety. They argue that plaintiffs' claims are barred by laches, estoppel, waiver, release and adverse possession, res judicata, and the Indian Claims Commission Act (repealed, but previously codified at 25 U.S.C. §§ 70a–70w). They also seek amendment to certify the court's decision for interlocutory appeal. (The state supports this position, but has made no motion.) The counties and landowners alternatively move for a new trial pursuant to Fed.R.Civ.P. 59, alleging various errors in legal and evidentiary rulings as the basis.[2] The landowners make a separate

motion for reinstatement of their counterclaims against the United States.

With the exception of the request for an injunction, these motions raise identical issues and arguments which have already been ruled on by the court after full consideration. The court has nevertheless carefully reviewed the motions and submissions. No good reason has been shown for reconsideration of any of these previously litigated points or for a new trial. Since no motion was made for an injunction prior to issuance of the court's findings and conclusions on August 24, 1994, that subject is not properly one for a motion to amend but must be considered independently as a newly filed motion for injunctive relief.

## II.

Defendant-intervenors move for an injunction preventing plaintiffs from hunting, fishing and gathering in violation of state and federal conservation laws pending resolution of the second phase of the litigation.[3] They submit no evidence nor cite any legal authority to support the motion. Rather, they broadly assert that an injunction is appropriate to "preserve the status quo, protect the public ... and protect the resources themselves." Memorandum in Support of Motion for Injunction at 2.

The band responds that it has adopted stringent conservation regulations which are largely consistent with state and federal rules.[4] *See* Declaration of Don Wedll, Mille

1. In their memorandum movants refer to the motion to amend as one including amendment of order for judgment. The August 24 order did not include any order for judgment, however.

2. Included among the alleged errors they specify are the denial of motions to strike the testimony and written reports of plaintiffs' expert witnesses Thomas Lund and John Nichols, particular rulings concerning exhibits, admission of testimony of three lay witnesses, denial of a jury trial, incorrect rulings on issues of fact and law, intervention by the United States, and the lack of discovery of Indian gaming operations.

3. In their motion papers the counties and landowners request:
   an injunction against Plaintiff band, each of its members, officers, agents and employees and against the individual plaintiffs, enjoining each of them from hunting, fishing or gathering in violation of conservation laws and regulations

   of the State of Minnesota defendants and the United States plaintiff (including each agency which has authority over conservation matters) until this Court enters final judgment defining when, where, and how such activities by plaintiffs are to be allowed.
   Their proposed order also would enjoin the band from "authorizing or purporting to authorize [hunting, fishing or gathering] through adoption or distribution of any code or regulation for band members which [does] not expressly recognize State and United States regulations." Proposed Order Regarding Counties' and Landowners' Motion for Injunction at 3.

4. The band's regulations allow hunting and fishing off-reservation in Minnesota in two instances: members may hunt migratory birds pursuant to federal regulations implementing the 1837 treaty and hunt deer in the Sherburne National Wildlife refuge pursuant to an agreement with the U.S. Fish & Wildlife Service.

Lacs Band Commissioner of Natural Resources. It has also stipulated that it will provide at least 30 days notice to the Minnesota Department of Natural Resources and other interested parties, including the counties and landowners, before adopting any regulatory changes not permitted under state law. It will provide at least 60 days notice where a regulation would allow off-reservation hunting with high powered weapons. The United States asserts that no injunction is necessary because existing band regulations are adequate to protect natural resources.

Whether a preliminary injunction should be granted depends on: (1) the threat of irreparable harm to the movant; (2) the probability that movant will succeed on the merits; (3) the balance between the harm to movant if the injunction is denied and the injury that granting the injunction will inflict on other parties; and (4) the public interest. *Dataphase Sys., Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 114 (8th Cir.1981). The moving party bears the burden of proving that the factors favor the issuance of the order. In analyzing the likelihood of success on the merits, the essential inquiry "is whether the balance of other factors tips decidedly toward the movant and the movant has also raised questions so serious and difficult as to call for more deliberate investigation." *General Mills, Inc. v. Kellogg Co.,* 824 F.2d 622, 624–25 (8th Cir.1987).

A threshold inquiry is whether the moving party has shown irreparable harm. *See Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir.1987). Defendant-intervenors assert there is a threat of irreparable harm because band members "will construe prior orders of the court . . . as providing cause to disregard" state and federal conservation regulations, and that "such action could cause irreparable harm to the resources." Motion for Injunction at 2. They have put forward no evidence supporting these assertions, however; nor have they cited any legal precedent indicating that speculation about possible future actions can amount to irreparable harm.

The band's current conservation regulations are largely consistent with state and federal law. *See* Declaration of Don Wedll. Band members may not hunt, fish or gather except in accordance with those regulations, and the band has stipulated that it will notify all interested parties before any adoption of new regulations inconsistent with state law. *Id.* Prior notification would allow the state, counties or landowners to review proposed regulations and raise any objections with the band. If informal discussions were to prove unsuccessful, appropriate relief could be sought from the court.

Defendant-intervenors have made no showing that band members will necessarily violate state and federal conservation laws absent an injunction,[5] or that plaintiffs will act to endanger public safety or the state's natural resources. The potential harm they point to is speculative, and they have made no showing that irreparable harm is likely to occur absent an injunction.

The counties and landowners believe they are correct on the merits of the case, including issues yet to be decided in the second phase, but they have so far not shown a likelihood of success by evidence in the record or legal argument.

The third factor is the balance of harms. The counties and landowners assert that absent an injunction band members will violate conservation laws, harm natural resources, and provoke a threat to public safety. Movants have failed to make a showing that large scale violations are likely, however, or that they will endanger public safety. Moreover, an injunction could prevent plaintiffs from exercising their treaty rights; this could constitute irreparable injury. *Muckleshoot Indian Tribe v. Hall,* 698 F.Supp. 1504, 1516 (W.D.Wash.1988); *United States v. Michigan,* 508 F.Supp. 480, 491 (W.D.Mich. 1980). The balance of harms favors denial of the motion.

The final factor is the public interest. On the record now before the court the counties and landowners have made no showing

---

**5.** The record indicates that the band has counseled its members not to violate state conserva-

tion laws during the course of this litigation. *See* Declaration of Don Wedll at 11–12.

than an injunction is needed to protect the state's natural resources or to ensure public safety. Absent such a showing, public interest does not favor the broad injunctive relief requested.

The counties and landowners have brought forward no evidence of irreparable harm absent an injunction and have made an insufficient showing that they are likely to succeed on the merits. The balance of harms and the public interest favor denial of their request. On the record before the court at this time the motion for an injunction should be denied.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1) the motions of the defendant-intervenors for reconsideration and amendment of findings of fact, conclusions of law, and order and for a new trial are denied; and

2) the motion of defendant-intervenor individual landowners for reinstatement of their counterclaims against the United States is denied; and

3) the motion of the defendant-intervenors for an injunction prohibiting plaintiffs from violating state and federal conservation laws is denied.