MILLE LACS BAND OF CHIPPEWA IN-DIANS; Arthur Gahbow; Walter Sutton; Carleen Benjamin; Joseph Dunkley, Plaintiffs–Appellees,

v.

STATE OF MINNESOTA; Minnesota Department of Natural Resources; Joseph Alexander, Commissioner of Natural Resources, Defendants,

County of Aitkin; County of Benton; County of Sherburne; County of Crow Wing; County of Isanti; County of Kanabec; County of Mille Lacs; County of Morrison; County of Pine, Intervenors–Appellants,

John W. Thompson; Jenny Thompson; Joseph N. Karpen; Leroy Burling; Glenn E. Thompson; Gary Kiedrowski, Intervenors–Defendants.

MILLE LACS BAND OF CHIPPEWA IN-DIANS; Arthur Gahbow; Walter Sutton; Carleen Benjamin; Joseph Dunkley, Plaintiffs–Appellees,

United States of America, Intervenor–Plaintiff–Appellee,

v.

STATE OF MINNESOTA; Minnesota Department of Natural Resources; Joseph Alexander, Commissioner of Natural Resources, Defendants–Appellants,

County of Aitkin; County of Benton; County of Sherburne; County of Crow Wing; County of Isanti; County of Kanabec; County of Mille Lacs; County of Morrison; County of Pine, Intervenors,

John W. Thompson; Jenny Thompson; Joseph N. Karpen; Leroy Burling; Glenn E. Thompson; Gary Kiedrowski, Intervenors–Defendants.

MILLE LACS BAND OF CHIPPEWA IN-DIANS; Arthur Gahbow; Walter Sutton; Carleen Benjamin; Joseph Dunkley, Plaintiffs–Appellees,

United States of America, Intervenor–Plaintiff–Appellee,

v.

STATE OF MINNESOTA; Minnesota Department of Natural Resources; Joseph Alexander, Commissioner of Natural Resources, Defendants,

County of Aitkin; County of Benton; County of Sherburne; County of Crow Wing; County of Isanti; County of Kanabec; County of Mille Lacs; County of Morrison; County of Pine, Intervenors–Defendants,

John W. Thompson; Jenny Thompson; Joseph N. Karpen; Leroy Burling; Glenn E. Thompson; Gary Kiedrowski, Intervenor–Defendants–Appellants.

Nos. 94–3566, 94–3618 and 94–3943.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 1, 1995.

Decided March 1, 1995.

William A. Azotkowski, Asst. U.S. Atty., St. Paul, MN, argued for the State of Minn. in 94–3618, James Johnson of Olympia, WA, argued for counties in 94–3566, and Stephen Froehle of Minneapolis, MN, argued for landowners in 94–3943.

Marc Slonim, Seattle, WA, argued for Mille Lacs Band in 94–3566/3618/3943, and Andrew C. Mergen, Dept. of Justice, of Washington, DC, argued for the U.S. in 94–3618/3943.

Before McMILLIAN, Circuit Judge, LAY, and JOHN R. GIBSON, Senior Circuit Judges.

## AMENDED OPINION

LAY, Senior Circuit Judge.

Landowners, a number of Minnesota Counties, and the State of Minnesota have filed notices of appeal from the district court's August 24, 1994 order (the last of the "Phase I" orders). *See Mille Lacs Band of Chippewa Indians v. Minnesota,* 861 F.Supp. 784 (D.Minn.1994). In addition, the Landowners and Counties have appealed the district court's order entered October 13, 1994, denying their request for injunctive relief.[1]

---

1. The Landowners and Counties claim they are appealing the district court's denial of two injunction motions. They contend the district court denied their motion for a permanent injunction in the August 1994 order and denied their further request for injunctive relief in the October 1994 order. The Landowners and Counties did seek equitable relief before the court issued its August 1994 order. The court, however, chose not to rule on the issue apparently because the request was unclear. In a footnote, the court stated:

The Counties and Landowners request that Band members be enjoined from exercising the privilege guaranteed by the 1837 Treaty until all Phase I issues have been resolved by appellate courts. This position has not been fully developed by its proponents as to the merits or as to its procedural basis. It may be related to the request for certification or it may be related to a future motion for a stay.

861 F.Supp. at 840, n. 26.

As the Band contends, the court appears to have put off the issue until the Landowners and

*See Mille Lacs Band of Chippewa Indians v. Minnesota,* 864 F.Supp. 102 (D.Minn.1994). In the August 1994 order, the district court refused to grant the State's 28 U.S.C. § 1292(b) certification request for an interlocutory appeal. 861 F.Supp. at 840. Following entry of the October 1994 order, the Landowners, Counties, and State filed their notices of appeal. The Mille Lacs Band of Chippewa Indians and the United States ("the Band") have now filed motions to dismiss the appeals from the court's Phase I orders. Phase II is still pending in district court.

The Landowners, Counties, and the State claim there are three separate bases for this Court's exercise of jurisdiction over their consolidated appeals. First, they insist the district court's Phase I rulings are "final orders" under 28 U.S.C. § 1291 because they granted the Band relief allowing its members to exercise various privileges, because these rulings will not be revisited in Phase II, and because they effectively divest the Landowners of property rights and regulatory control. Second, the Landowners and the State contend various Phase I orders are appealable under the collateral order doctrine, and for reasons of policy and economy, this Court should review the merits along with these orders. Finally, the Landowners and Counties argue this Court should examine the merits of all Phase I rulings to effectively review the district court's denial of their request for an injunction, which both parties agree is immediately appealable under § 1292(a)(1).

 We reject each of these arguments as to the Phase I rulings and order an expedited appeal limited to the denial of the injunction only. We find that the district court's Phase I rulings are not final orders. The court's August 1994 decision following the Phase I trial is not a final order because it only resolved threshold issues and did not address the validity of specific state laws or the particulars of the interplay between state regulations and the treaty rights of Band members. In addition, the district court's

August 1994 decision does not fall within the collateral order exception to the final judgment rule because it is not "effectively unreviewable" following the conclusion of Phase II of the litigation. *See Digital Equip. Corp. v. Desktop Direct, Inc.,* ―― U.S. ――, ――, 114 S.Ct. 1992, 1995–96, 128 L.Ed.2d 842 (1994) (stating this narrow exception applies only to "important questions effectively unreviewable on appeal from final judgment....."). Furthermore, even if various aspects of the district court's September 15, 1993 and May 15, 1994 orders fall within the collateral order exception, the Landowners, as well as the State, waived their right to immediate appellate review by failing to file timely notices of appeal. *See Taylor v. Carter,* 960 F.2d 763, 764 (8th Cir.1992) (holding all appealable decisions are subject to the normal time limits for appeal and a party cannot resurrect the right to an immediate appeal by reasserting previously unsuccessful arguments). Finally, the injunction issue can be resolved without close scrutiny of the Phase I litigation. We therefore reject the contention that we must undertake a complete review of the merits of the Phase I orders to effectively address the injunction issue.

The appeals from the Phase I order of the district court dated August 24, 1994, are hereby dismissed as being premature.

We direct the parties to submit briefs on the district court's denial of injunctive relief dated October 13, 1994. We request the parties to expedite the appeal under Eighth Circuit Rule 28A(g) with the exception that briefs may be extended to forty (40) pages; otherwise the expedited briefing schedule set forth therein shall govern. Particular emphasis should be placed on the issue of "irreparable harm." We further order that the district court may retain jurisdiction over Phase II during the pendency of this appeal.

IT IS SO ORDERED.

---

Counties came forward with a more developed injunction request. Because the district court did not rule on this original request, we have

only one order on the issue before us at this time. Thus, we find that the court's October 1994 denial is the only injunction order that is appealable.