**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

PARIS LaPRIEST POWELL,

     Plaintiff - Appellee,

v.

ROBERT BRADLEY MILLER,

     Defendant - Appellant.

No. 16-6026

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:10-CV-01294-D)**
_____

Submitted on the briefs:[*]

Murray E. Abowitz, Doerner Saunders Daniel & Anderson, LLP, Oklahoma City, Oklahoma; Kayce L. Gisinger, Phillips Murrah P.C., Oklahoma City, Oklahoma; and Richard N. Mann, Assistant Attorney General, Oklahoma Attorney General's Office, Litigation Section, Oklahoma City, Oklahoma, for Defendant-Appellant.

Mark Barrett, Norman, Oklahoma, for Plaintiff-Appellee.
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.
_____

**TYMKOVICH**, Chief Judge.
_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

After his release from death row, Paris LaPriest Powell sued the prosecutor responsible for his overturned conviction, Robert Bradley Miller. Powell charged that Miller had suborned perjury from a key witness at his trial, Derrick Smith; had hidden from the defense evidence of Miller's agreement to help Smith with his own criminal charges; and had failed to disclose the efforts Miller made on Smith's behalf with regard to those charges. Miller filed a motion to dismiss. The district court granted the motion in part, but denied qualified immunity on certain claims. Miller did *not* appeal the ruling. Years later, Miller filed a motion to reconsider the denial of qualified immunity. The district court denied that motion as well. Miller now appeals from the denial of his motion to reconsider.

Because we lack appellate jurisdiction over the district court's order denying Miller's motion to reconsider, we dismiss Miller's appeal.

* * *

A summary of the procedural posture of the case provides context. In 2010, Powell filed this 42 U.S.C. § 1983 action against Miller and other defendants, alleging the defendants violated his constitutional rights in connection with Powell's 1997 murder conviction. In this case and a companion case involving Powell's co-defendant, Yancey Lyndell Douglas, Miller moved to dismiss the claims asserted against him in his individual capacity based on various defenses, including qualified immunity. The district court denied Miller's qualified immunity defense as to "Miller's post-trial actions in which he did not act as an advocate for the State and

2

was no longer employed as a prosecutor, including his alleged wrongful efforts on behalf of Derrick Smith." App. Vol. 2 at 413.

Nearly three years later, on October 26, 2015, Miller filed his "Motion for Rehearing of Defendant Robert Bradley Miller in His Individual Capacity and Brief in Support." App. Vol. 5 at 1206. In the motion, Miller sought reconsideration of the district court's prior order denying him qualified immunity. The district court denied Miller's motion because he had "presented no substantive basis for the Court to change its opinion." *Id.* at 1227–28. Miller now appeals the district court's order denying his motion to reconsider.

It is well established that a district court's pretrial denial of a qualified immunity defense, to the extent it turns on an issue of law, is an appealable "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But Miller does not appeal from the district court's order denying his qualified immunity defense—that decision was issued in 2013 without appeal. Rather, Miller appeals from the district court's order denying reconsideration of that ruling almost three years later. Under these circumstances, we lack jurisdiction to consider the district court's order denying Miller's motion to reconsider.[1]

---

[1] We recently encountered a factual situation similar to that in this case: the unappealed denial of qualified immunity, followed by a later purported appeal from the denial of reconsideration. *Williams v. Akers*, 837 F.3d 1075 (10th Cir. 2016). In *Williams*, we dismissed the appeal because the appellants' notice of appeal was untimely to appeal the underlying denial of qualified immunity, and they had failed to designate the reconsideration order they belatedly claimed they were appealing from. *See id.* at 1078-80. Due to that jurisdictional defect, we did not

(continued)

3

*Mitchell* does not apply here. In *Mitchell*, the Supreme Court held that a decision denying qualified immunity, to the extent it turns on an issue of law, "falls within 'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Id.* at 524-25 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). The Court reasoned that interlocutory orders denying qualified immunity satisfy the three *Cohen* criteria for immediate appeal because they (1) conclusively determine the disputed question; (2) resolve an important issue separate and collateral to the merits of the underlying action; and (3) are effectively unreviewable from a final judgment. *Id.* at 525-30.

An order denying reconsideration of the denial of qualified immunity does not, however, by itself satisfy the elements of the collateral order doctrine. As the Second Circuit explained in *Lora v. O'Heaney*, 602 F.3d 106 (2d Cir. 2010):[2]

have occasion to discuss the issue here: whether an interlocutory denial of reconsideration was even immediately appealable. Of relevance to this case, however, we emphasized the role of the appellants' appeal from a particular *order*, rather than from a particular *issue*. *See id.* at 1079.

[2] Other courts agree that such orders are not immediately appealable. *See, e.g.*, *Phillips v. Montgomery Cty.*, 24 F.3d 736, 738 (5th Cir. 1994) ("[W]e hold that the defendants in this case cannot fail to appeal and then restart the appellate clock by refiling substantially the same motion."); *Taylor v. Carter*, 960 F.2d 763, 764 (8th Cir. 1992) (dismissing appeal for lack of jurisdiction); *Fisichelli v. City Known as Town of Methuen*, 884 F.2d 17 (1st Cir. 1989) (reasoning that if courts

(continued)

4

> Unlike the substantive ruling on qualified immunity, the determination by the district court whether to reconsider that ruling does not raise important issues of the type allowing interlocutory appeal. The legal question before us on appeal from an order denying reconsideration is whether the district court abused its discretion when denying reconsideration. . . . Denial of reconsideration does not resolve an important issue, but merely resolves whether to revisit an important issue.

*Id.* at 111-12.

Accordingly, Miller cannot use his motion for reconsideration, filed almost three years after the fact, to resurrect his right to appeal the district court's order denying him qualified immunity. And Miller has failed to make any showing that the order denying his motion to reconsider is otherwise immediately appealable. We note, however, that our conclusion does not affect Miller's right to timely appeal an order denying summary judgment on the defense of qualified immunity. *See Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) ("Thus, *Mitchell* clearly establishes that an order rejecting the defense of qualified immunity at *either* the dismissal stage *or* the summary judgment stage is a 'final' judgment subject to immediate appeal."); *see also Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007).

Based on the foregoing, we DISMISS Miller's appeal because we lack jurisdiction. Appellant's motion to supplement the appendix is DENIED.

---

were required to consider appeals whenever a defendant unsuccessfully asked for reconsideration, "a dilatory defendant would receive not only his allotted bite at the apple, but an invitation to gnaw at will."). *Cf. Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987) ("[While] *Mitchell v. Forsyth* has permitted two bites of the appellate apple, at the pleading [stage] and at the discovery stage, it did not contemplate that the underlying finality requirement of *Cohen* and of section 1291 would be ignored . . . .").