FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON OAKS,

    Defendant - Appellant.

No. 19-1342
(D.C. No. 1:18-CR-00470-PAB-11)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **CARSON**, Circuit Judges.
_____

Jason Oaks appeals the district court's decisions denying his motion to revoke

the magistrate judge's detention order and his motion for reconsideration.  Exercising

our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145, we affirm.

I.  Background

A grand jury charged Mr. Oaks with one count of conspiring to distribute

cocaine, one count of using a communications device to facilitate a drug crime, and

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

two counts of distributing cocaine. Although Mr. Oaks knew that his co-defendants had been arrested and that law enforcement was requesting his self-surrender, he remained a fugitive for five months. When law enforcement tracked him down to arrest him, he tried to flee.

After his arrest, the government requested that Mr. Oaks be detained pending trial. He was subject to a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A). At his hearing, he entered a plea of not guilty, but he did not contest his detention. The magistrate judge ordered him detained pending trial.

Four months later, Mr. Oaks filed a request for a change of plea hearing, indicating that he wanted to change his plea to guilty. Shortly thereafter, he filed a motion to revoke the magistrate judge's detention order. The district court denied the revocation motion. Mr. Oaks then filed a motion for reconsideration. After the district court denied that motion, Mr. Oaks filed a timely appeal.[1]

---

[1] In his notice of appeal, Mr. Oaks only designated the order denying the motion for reconsideration as the order being appealed. But in his brief, he also challenges the district court's denial of his motion to revoke the magistrate judge's detention order. Relying on *Powell v. Miller*, 849 F.3d 1286 (10th Cir. 2017), the government argues that "appealing a motion for reconsideration does not include an appeal of issues from the underlying order for which reconsideration was sought." Aplee. Resp. Br. at 12. But that case is inapposite. *Powell* involved a motion for reconsideration filed almost three years after the denial of qualified immunity. *Id*. at 1287-88. We dismissed the appeal for lack of jurisdiction, explaining that the defendant could not use the untimely motion for reconsideration "to resurrect his right to appeal the district court's order denying him qualified immunity" and he "ha[d] failed to make any showing that the order denying his motion to reconsider [was] otherwise immediately appealable [under the collateral order doctrine]." *Id*. at 1289. *Powell* does not stand for the proposition that a notice of appeal that only designates an order denying reconsideration prevents this court from considering a challenge to the underlying substantive order.

II. Discussion

We review de novo "mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review for abuse of discretion the denial of a motion for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011).

In his motion for revocation of the magistrate judge's detention order, Mr. Oaks asked the district court to "conduct a hearing *de novo*," Aplt. App. at 57, but the district court did not hold a hearing. Mr. Oaks first argues that the district court erred by failing to provide him with a "de novo hearing." Aplt. Bail Br. at 6. A district court conducts a de novo review of a magistrate judge's detention order, *Cisneros*, 328 F.3d at 616 n.1, but there is no statutory requirement that the court hold a hearing, *see* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."). Rather, the court may hold a hearing, if it so chooses. *Cf. Cisneros*, 328 F.3d at 617 ("[The district court] also held [its] own hearing to consider new evidence from the parties, as was [its] prerogative.").

To support his position, Mr. Oaks cites to *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). In that case, the Ninth Circuit stated that "[the district court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the

3

performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it *may* do so . . . ." *Id*. at 1193 (emphasis added). Mr. Oaks contends that the above-quoted language "indicates that a district court *should* hold a hearing if there is evidence that the magistrate did not consider." Aplt. Bail Br. at 7 (emphasis added). We disagree with Mr. Oaks' characterization. Rather, we read that language as giving the district court discretion to hold a hearing if it determines it needs to do so.

More importantly, Mr. Oaks concedes that "[t]here is no precedent in this Circuit that states that a district court must hold a hearing . . . ." *Id*. He argues that this "is a matter of first impression" and that "in cases where the district court is presented with new testimonial evidence that the magistrate did not have, as is the case here, then a district court should be required to hold a hearing." *Id*. at 7-8. Mr. Oaks, however, has pointed to nothing in the statutory language or our case law that would lead us to impose such a requirement. Instead, a district court retains the discretion to decide whether to hold a hearing when conducting its de novo review of a magistrate judge's detention decision. Contrary to Mr. Oaks' assertion, the district court did not commit reversible error by failing to hold a hearing.

Mr. Oaks next argues that the district court failed to consider the factors in 18 U.S.C. § 3142(g); specifically, his "physical and mental condition," Aplt. Bail Br. at 8. We disagree.

4

When "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court should

> take into account the available information concerning--
>
> (1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). "[T]he history and characteristics of the person," includes, among other things, "the person's character, *physical and mental condition*, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." *Id*. § 3142(g)(3)(A) (emphasis added).

In its decision, the district court went through each of the factors. It determined that the presumption of detention, the strong evidence against Mr. Oaks,[2] and his criminal history all weighed in favor of detention. Because Mr. Oaks had remained a fugitive for five months, the court noted that his community and family ties—while weighing in his favor—did not carry much weight. The court also considered Mr. Oaks' medical conditions, noting his nose was broken at the time of his arrest and that he suffered from sleep problems. The court acknowledged

---

[2] The court noted that Mr. Oaks had indicated to the government his intent to plead guilty to the conspiracy count at his change of plea hearing scheduled for September 20, 2019. That hearing was re-set to October 24, 2019, and it has now been re-set again to December 6, 2019.

5

Mr. Oaks' desire to seek treatment for his medical conditions if he was released on bond. The court concluded that factor weighed somewhat in favor of release.

After considering the factors, the court found that there "is no combination of conditions that would ensure the safety of the community and assure the appearance of the defendant." Aplt. App. at 85. The court explained that the government had shown by clear and convincing evidence that Mr. Oaks is involved in trafficking cocaine and presents a danger to the community. And Mr. Oaks' "recent revocation of probation and failure to appear and his failure to turn himself in on this case demonstrate by a preponderance of the evidence that the defendant poses a risk of flight." *Id*. at 86. The court recognized that "the defendant may be motivated not to flee given his need for medical treatment," but concluded that "this factor is outweighed by the above-noted factors." *Id*.

Mr. Oaks complains that the court "completely fail[ed] to address [his] mental health condition even though [he] clearly asserted it in his original motions," and he further complains that the court was "dismissive of his argument on his physical conditions." Aplt. Bail Br. at 9. In his motion to revoke the magistrate judge's detention order, Mr. Oaks stated that he wanted to be released "for a specific reason: medical treatment for the broken nose, a broken hand/thumb, the sleep problems arising from the broken nose and mental health issues for which he was being treated at the time of his arrest." Aplt. App. at 60. In its decision, the district court recognized that Mr. Oaks wanted to be released so he could seek medical treatment and it weighed that factor in his favor. We do not agree that the court was dismissive

6

of Mr. Oaks' physical conditions nor do we agree that the district court was expressly required to mention Mr. Oaks' mental health issues. The district court indicated that Mr. Oaks would be motivated not to flee because of his need for medical treatment; the court did not need to specify each condition for which Mr. Oaks would be seeking treatment. Mr. Oaks has failed to show that the district court erred in considering the § 3142(g) factors. And he offers no argument as to how the district court erred in concluding that he was a danger to the community and a flight risk.

Finally, Mr. Oaks argues that the district court erred by failing to consider his reply to the government's response to his motion to revoke the magistrate judge's detention order. Mr. Oaks raised this issue in his motion for reconsideration, noting that it did not "appear that the Court considered [his] Reply in its Order," and asking the court to reconsider his revocation motion, "in light of his Reply." Aplt. App. at 97-98. Mr. Oaks then repeated the arguments he made in his reply.

The district court explained that it did not consider Mr. Oaks' reply "because, at the time the Court ruled on the Motion for Revocation, the defendant had not filed a reply brief." Aplt. App. at 106.[3] The court explained that it "ruled within a reasonable time after the response to the revocation of release motion" and "[t]he defendant does not argue to the contrary." *Id*. Mr. Oaks complains on appeal that the district court stated that seven days had passed when it ruled on his motion, when

---

[3] The docket reflects that the district court entered its denial order and then later that same day Mr. Oaks filed his reply.

7

in fact only six days had passed.[4]  The district court may have made a misstatement about the number of days that had passed when it issued its ruling, but Mr. Oaks fails to explain how this is legally significant.  He has not identified an order or local rule permitting him to file a reply brief at all, let alone within a specific timeframe.

Moreover, in denying the motion for reconsideration, the court observed that "the evidence and arguments in both the reply brief and the motion to reconsider could have been made in the Motion for Revocation."  *Id*. at 106.  Because "[m]otions to reconsider are generally an inappropriate vehicle to advance 'new arguments or supporting facts which were available at the time of the original motion,'" *id*. (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)), the district court found "no proper basis to reconsider its order," *id*. Mr. Oaks has failed to show that the district court abused its discretion in denying his motion for reconsideration.

For the foregoing reasons, we affirm the district court's orders denying the motion to revoke the magistrate judge's detention order and denying the motion for reconsideration.

Entered for the Court
Per Curiam

---

[4] Mr. Oaks also argues for the first time on appeal that "[t]he district court did not rule within a reasonable time, especially in light of the fact that Oaks changed counsel in that time frame."  Aplt. Bail Br. at 12.  We will only reverse on the basis of this forfeited argument if Mr. Oaks can show plain error.  *Richison v. Ernest Grp., Inc*., 634 F.3d 1123, 1128 (10th Cir. 2011).  But he has not attempted to show how his new argument satisfies the plain error standard, which "marks the end of the road for an argument for reversal not first presented to the district court."  *Id*. at 1131.