**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT HANSON,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>WILLIAM SHUBERT; JESUS GONZALEZ,<br>*Defendants-Appellants,*<br><br>and<br><br>BLAINE COUNTY; GOODING COUNTY; JUDITH PETERSON; GENE D. RAMSEY; SHAUN GOUGH; IDAHO DEPARTMENT OF CORRECTION; KEVIN WAYT; JOHN DOES, I–X,<br>*Defendants.* | No. 19-35839<br><br>D.C. No.<br>1:16-cv-00421-BLW<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted July 10, 2020
Seattle, Washington

Filed August 4, 2020

Before:  Jacqueline H. Nguyen and Patrick J. Bumatay,
Circuit Judges, and Richard Seeborg,* District Judge.

Opinion by Judge Seeborg;
Concurrence by Judge Bumatay

## SUMMARY**

### Civil Rights

The panel dismissed, for lack of jurisdiction, an appeal from the district court's orders (a) denying, on summary judgment, a motion for qualified immunity; and (b) denying a motion to reconsider the summary judgment order.

The panel first noted that, at oral argument, appellants acknowledged that their motion for reconsideration, filed almost a year after the district court denied summary judgment, was brought under Federal Rules of Civil Procedure 59(e) to alter or amend the judgment, rather than pursuant to Rule 60(b).

The panel held that it lacked jurisdiction over the appeal of the summary judgment order in this case because it was untimely.  The panel noted that there was no dispute that the appeal was filed nearly a year after the underlying summary judgment order.  While a timely filed Rule 59(e) motion may

---

* The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

toll the appeals period, *see* Fed. R. App. P. 4(a)(4)(A)(iv), the reconsideration motion here was filed nearly a year after the underlying summary judgment order. The panel held that the filing of an untimely motion will not toll the running of the appeal period.

The panel held that it lacked jurisdiction over the order denying the Rule 59(e) motion for reconsideration, where it did not have jurisdiction over the appeal of the underlying order. The panel held that appellants could not use their motion for reconsideration, filed nearly one year after the underlying order, to resurrect their right to appeal the district court's order denying them qualified immunity. Furthermore, appellants failed to make any showing that the order denying their motion to reconsider was otherwise immediately appealable. In footnote 4, the panel noted that a case might arise, for example, where intervening law between a denial of qualified immunity and a denial of reconsideration renders the collateral order doctrine applicable to the latter. This however, was not that case. The panel declined to exercise discretion under Fed. R. App. P. 38 to award the defendant/appellee attorney's fees for this appeal.

Concurring in all but footnote 4 of the opinion and concurring in the judgment, Judge Bumatay stated that while he concurred with the opinion, he would follow the First, Second, and Tenth Circuits and adopt a bright line rule against jurisdiction in this case. Accordingly, Judge Bumatay did not join footnote 4.

**COUNSEL**

Blake G. Hall (argued) and Sam L. Angell, Hall Angell & Associates LLP, Idaho Falls, Idaho, for Defendants-Appellants.

Nathan M. Olsen (argued), Petersen Moss Hall & Olsen, Idaho Falls, Idaho, for Plaintiff-Appellee.

**OPINION**

SEEBORG, District Judge:

William Shubert and Jesus Gonzalez seek review of two orders: the district court's denial of summary judgment, which resulted in a denial of qualified immunity, and the district court's denial to reconsider the summary judgment order. The threshold question, before any consideration of the merits, is one of jurisdiction. As we find appellate jurisdiction is lacking, this appeal must be dismissed.

## I. Factual and Procedural History

Scott Hanson is practically blind in his right eye. He alleges this is in part because of deliberate indifference by appellants to his medical needs while he was incarcerated at Gooding County Jail, where they served as deputies. In 2016, Hanson sued, among others, Shubert and Gonzalez, alleging violations of his Eighth and Fourteenth Amendment rights.

In April 2018, defendants moved for summary judgment, with Shubert and Gonzalez arguing qualified immunity should shield them from Hanson's claims. On July 9, 2018, the district court entered a summary judgment order which

in part found that Shubert and Gonzalez could not be accorded qualified immunity as a matter of law, as genuine factual disputes remained as to whether they violated Hanson's clearly established rights.

On July 3, 2019, almost a year later, Shubert and Gonzalez filed a motion for reconsideration of the denial of summary judgment. The stated basis for the motion was the issuance of a new Supreme Court opinion, i.e., *City of Escondido v. Emmons*, 139 S. Ct. 500 (2019) (per curiam). None of the parties raised the issue of the timeliness of the motion. On September 19, 2019, the district court entered an order denying the motion on the merits.

On October 1, 2019, Shubert and Gonzalez appealed both the order denying reconsideration and the underlying summary judgment denial. Not addressed in either side's briefing was jurisdiction over this appeal. Accordingly, we instructed the parties to address the question of appellate jurisdiction at oral argument.

## II.  Discussion

Appellants grounded their motion for reconsideration in the district court ostensibly on both Federal Rules of Civil Procedure 59(e) and 60(b).[1] At oral argument, appellants

---

[1] Rule 59(e) provides for a "motion to alter or amend a judgment" within twenty-eight days of the underlying order. Fed. R. Civ. P. 59(e). Rule 60(b) allows for "relief from a final judgment, order, or proceeding" for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. A Rule 60(b) motion must be made "within a reasonable time," and for reasons (1), (2), and (3), within no more than a year. Fed. R. Civ. P. 60(c)(1).

acknowledged that their motion for reconsideration was brought under Rule 59(e) to alter or amend the judgment. We hold this appeal is untimely and must be dismissed.

Under Federal Rule of Appellate Procedure 4(a) and 28 U.S.C. § 2107(a), a notice of appeal must be filed within thirty days of the entry of the judgment or underlying order from which the appeal is taken. The thirty-day time limit is "mandatory and jurisdictional." *Melendres v. Maricopa Cnty.*, 815 F.3d 645, 649 (9th Cir. 2016) (internal citation omitted). Failure to file a notice of appeal within the applicable time limit *must* result in dismissal for lack of jurisdiction. *Id.*

We lack jurisdiction over the appeal of the summary judgment order in this case because it is untimely. There is no dispute that the appeal was filed nearly a year after the underlying summary judgment order. While a timely filed Rule 59(e) motion may toll the appeals period, *see* Fed. R. App. P. 4(a)(4)(A)(iv), the reconsideration motion here was filed nearly a year after the underlying summary judgment order.[2] "The filing of an untimely motion will not toll the

---

[2] As noted, the district court did not discuss the timeliness of the reconsideration motion. It instead stated that a "denial of a motion . . . for summary judgment may be reconsidered at any time before final judgment," citing *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79–80 (9th Cir. 1979). *Preaseau*, however, only states that "an order denying a motion for summary judgment is generally interlocutory and 'subject to reconsideration by the court at any time,'" *id.* (quoting *Dessar v. Bank of Am. Nat'l Tr. and Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965)), such that "a subsequent motion for summary judgment may be made and granted," *id.* at 80 n.4. That an order is "subject to reconsideration" at any time does not imply that a *motion* for reconsideration may be filed at any time, especially when the Federal Rules of Civil Procedure advise otherwise. Nevertheless, Hanson did not contest the timeliness of the reconsideration motion in the district court

running of the appeal period." *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (citing *Cel-A-Pak v. Cal. Agric. Labor Relations Bd.*, 680 F.2d 664, 666 (9th Cir. 1982)).[3]

This leaves the appeal of the order denying reconsideration, which was filed within thirty days of the issuance of the order. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Neither the Supreme Court nor this court, however, has addressed the situation here: the appeal of an order denying a motion to reconsider the earlier denial of qualified immunity, which had not itself been timely appealed.

While interlocutory orders are not typically immediately appealable, there exists a "small class [of interlocutory orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The Supreme Court in *Mitchell* reasoned that a denial of qualified immunity, to the extent it turns on an issue of law, falls within that small class, because qualified immunity is not only an entitlement to be free from liability for having

and therefore waived the issue. *See In re Onecast Media, Inc.*, 439 F.3d 558, 562 (9th Cir. 2006).

[3] Considering the reconsideration motion under Rule 60(b) would not save the appeal, because a Rule 60 motion only tolls the appeals period if it "is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).

violated a right, but also is "in part an entitlement not to be forced to litigate the consequences of official conduct . . . ." *Mitchell*, 472 U.S. at 527–28. That is, a denial of qualified immunity "(1) conclusively determine[s] the disputed question," i.e., whether the government official should have to stand trial, "(2) resolve[s] an important issue separate and collateral to the merits of the underlying action; and (3) [is] effectively unreviewable from a final judgment," since the official will necessarily already have had to defend themselves at trial. *Powell v. Miller*, 849 F.3d 1286, 1288 (10th Cir. 2017). The same cannot be said of orders denying reconsideration of the denial of qualified immunity. Put differently,

> Unlike the substantive ruling on qualified immunity, the determination by the district court whether to reconsider that ruling does not raise important issues of the type allowing interlocutory appeal. The legal question before us on appeal from an order denying reconsideration is whether the district court abused its discretion when denying reconsideration . . . . Denial of reconsideration does not resolve an important issue, but merely resolves whether to revisit an important issue. Whether reconsideration was properly denied is just as reviewable following final judgment as a whole host of other issues that must await final judgment before a party can appeal them.

*Lora v. O'Heaney*, 602 F.3d 106, 111–12 (2d Cir. 2010).

We agree with the reasoning in *Powell* and *Lora*, and today hold that we lack jurisdiction over an order denying a

Rule 59(e) motion for reconsideration of a denial of qualified immunity, where we do not have jurisdiction over the appeal of the underlying order. Shubert and Gonzalez "cannot use [their] motion for reconsideration," filed nearly one year after the underlying order, "to resurrect [their] right to appeal the district court's order denying [them] qualified immunity." *Powell*, 849 F.3d at 1289. Furthermore, they have "failed to make any showing that the order denying [their] motion to reconsider is otherwise immediately appealable." *Id.*[4]

Based on the foregoing, we must dismiss this appeal because we lack jurisdiction. Furthermore, we decline to exercise our discretion under Fed. R. App. P. 38 to award Hanson attorney's fees for this appeal.

**APPEAL DISMISSED.**

---

BUMATAY, Circuit Judge, concurring in all but footnote 4 of the majority and concurring in the judgment:

While I concur with the opinion, I would follow the First, Second, and Tenth Circuits and adopt a bright line rule against jurisdiction here. *See Fisichelli v. City Known as*

---

[4] There might arise a case where, for example, intervening law between a denial of qualified immunity and a denial of reconsideration renders the collateral order doctrine applicable to the latter. This, however, is not that case. The Supreme Court in *City of Escondido* simply reiterated what it had "explained many times" before. *See City of Escondido*, 139 S. Ct. at 503 (citing *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam); *District of Columbia v. Wesby*, 138 S. Ct. 577, 593 (2018); *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam); *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam)).

*Town of Methuen*, 884 F.2d 17, 18–19 (1st Cir. 1989); *Lora v. O'Heaney*, 602 F.3d 106, 111–12 (2d Cir. 2010); *Powell v. Miller*, 849 F.3d 1286, 1288–89 (10th Cir. 2017).  This would be the most faithful application of the collateral-order doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985). Accordingly, I do not join footnote 4.