NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY P. DEMARTINI; MARGIE DEMARTINI, | No. 19-15596 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-02722-JAM-CKD |
| v. | |
| MICHAEL J. DEMARTINI; RENATE DEMARTINI, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 9, 2023[**]
Submission Vacated February 9, 2023
Resubmitted May 31, 2023
San Francisco, California

Before:  McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Appellants Michael and Renate DeMartini appeal the denial of various orders

entered by the district court.  "Before proceeding to the merits of this dispute, we

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

must assure ourselves that we have jurisdiction." *United States v. McIntosh*, 833 F.3d 1163, 1170 (9th Cir. 2016). Because we conclude we lack jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal.

In their *pro se* notice of appeal filed on March 18, 2019, Appellants stated that they were appealing four orders entered by the district court: (1) the May 30, 2018, Interlocutory Judgment of Partition; (2) the August 22, 2018, minute order rejecting the proposed plan for dividing the property; (3) the September 19, 2018, minute order appointing a referee to oversee the partition; and (4) the March 1, 2019, order denying Appellants' "renewed motion to dismiss." The March 1, 2019, order was in response to Appellants' January 11, 2019, motion, which the district court construed as a motion to reconsider.

We have no jurisdiction over the May 30, August 22, and September 19 orders as the notice of appeal was filed long after the 30-day deadline. *See* 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A); *Hanson v. Shubert*, 968 F.3d 1014, 1017 (9th Cir. 2020) ("The thirty-day time limit is mandatory and jurisdictional.") (simplified). While a motion to reconsider may toll the appeals period, Appellants' January 11, 2019, motion to reconsider did not toll any order in the notice of appeal because it was untimely and "[t]he filing of an untimely motion will not toll the running of the appeal period." *Hanson*, 968 F.3d at 1017–18; *see* Fed. R. Civ. P. 59(e) (establishing

2

that a motion to amend a judgment must be filed no later than 28 days after the entry of the judgment).

While the notice of appeal was timely as to the March 1, 2019, order denying Appellants' motion for reconsideration, we still lack jurisdiction because it is not an appealable final order standing alone. "The denial of a motion for reconsideration is immediately appealable if the underlying order is immediately appealable." *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). But even assuming any underlying order in the notice of appeal was immediately appealable, Appellants' window to appeal that underlying order has expired and they cannot now "use their motion for reconsideration" to "resurrect their right to appeal the district court's order." *Hanson*, 968 F.3d at 1019 (simplified).

**DISMISSED** for lack of jurisdiction.